IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BONNY L.[1], ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:20-cv-00575 |
| ) | |
| KILOLO KIJAKAZI, Acting ) | By: Elizabeth K. Dillon |
| Commissioner, Social Security ) | United States District Judge |
| Administration, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Bonny L. brought this action for review of the final decision made by defendant, Commissioner of the Social Security Administration, denying her application for disability insurance benefits under the Social Security Act. (Complaint, Dkt. No. 2.) Plaintiff and the Commissioner moved for summary judgment (Dkt. Nos. 18, 20), and pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred the motion to U.S. Magistrate Judge Robert S. Ballou for a report and recommendation (R&R). On January 10, 2022, the magistrate judge issued his R&R, finding that substantial evidence supported the Commissioner's decision. (R&R, Dkt. No. 22.) Plaintiff filed objections on January 24, 2022. (Dkt. No. 23.) The Commissioner responded to the objections on February 1, 2022. (Dkt. No. 24.)

After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's recommendation. Accordingly, the court will grant the Commissioner's motion for summary

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

judgment, deny plaintiff's motion for summary judgment, and affirm the Commissioner's decision.

## I. BACKGROUND[2]

Bonny filed for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) in September 2017, claiming that her disability began on May 26, 2016. The Administrative Law Judge (ALJ) held a hearing on August 19, 2019. On December 3, 2019, the ALJ entered his decision denying Bonny's claim for benefits.

The ALJ found that Bonny suffered from the severe impairments of lumbar spondylosis, cervical spondyloarthropathy, obesity, migraines, fracture of the right fibula, and calcaneal spur. (Tr. 18.) At step three of the five-step sequential evaluation process, the ALJ determined that these impairments did not meet or medically equal a listed impairment.

The ALJ then found that Bonny retained the residual functional capacity (RFC) to perform sedentary work, occasionally climb stairs and balance, but can never stoop, kneel, crouch, or crawl. Further, Bonny can frequently perform feeling[3] and should avoid exposure to vibrations, concentrated exposure to industrial hazards, and exposure to loud noise. (Tr. 22.) With the benefit of testimony from a vocational expert, the ALJ determined that Bonny was unable to perform her past relevant work as a retail manager but could perform other work that exists in the national economy such as order clerk, inspector, and ampoule sealer. (Tr. 31.)

Thus, the ALJ concluded that plaintiff was not disabled.

## II. DISCUSSION

---

[2] The court adopts the recitation of facts and procedural background as set forth in the report. (R&R 2–10.)

[3] The ALJ wrote: "Because of her complaints of numbness and tingling in hands, she has been limited to frequent feeling. However, the claimant's does not require additional limitations, as there is no testing to support her complaints, and her sensation was generally intact in her hands with the exception of one appointment where she had decreased sensation in her right thumb." (Tr. 27.)

**A. Standard of Review**

This court's review of the ALJ's underlying decision is limited. *See Gregory H. v. Saul*, Civil Action No. 7:18-cv-00342, 2019 WL 4280334, at *1 (W.D. Va. Sept. 10, 2019). Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

For an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Further, objections must respond to a specific error in the report and recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver. *Id.* Likewise, an objection that merely repeats the arguments made in the

3

briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010).  As other courts have recognized in the social security context, "[t]he Court may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (quoting *Felton v. Colvin*, No. 2:12-cv-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014)).  Because "the purpose of magistrate review is to conserve judicial resources," a "mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Nichols v. Comm'r of Soc. Sec.*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015); *see also Hammack v. Berryhill*, Civil Action No. 7:16cv00314, 2017 WL 4203545, at *2 (W.D. Va. Sept. 21, 2017) ("A plaintiff who reiterates her previously raised arguments will not be given 'the second bite at the apple she seeks'; instead, her re-filed brief will be treated as a general objection, which as the same effect as would a failure to object.") (quoting *Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008)).

**B. Objections to the R&R**

In her summary judgment brief, plaintiff argued that the ALJ's RFC findings and assessment of plaintiff's allegations are not supported by substantial evidence, assessment of her mental impairments, resulting RFC findings, and subjective allegations are not supported by substantial evidence.  (*See* Pl.'s Mem. in Supp. of Mot. for Summ. J., Dkt. No. 19.)  In many if not most respects, plaintiff's objections are a restatement of her summary judgment arguments.  It is not necessary for the court to address the exact same arguments raised before and thoroughly addressed by the magistrate judge.  The court will, however, address the following objections.

Plaintiff begins with the complaint that the R&R erred in concluding the ALJ performed the required "function by function" analysis. (R&R 12.) Plaintiff then goes on to repeatedly claim that the ALJ "cherry picked" evidence to support his findings while ignoring "significant contrary evidence." (Pl.'s Obj. 2–4.) Plaintiff points to evidence documenting plaintiff's significantly antalgic gait, limited lumbar range of motion, positive straight leg raising, decreased strength, and decreased balance – all affecting her functional mobility post lumbar surgery. Plaintiff also states that the ALJ ignored significant evidence that plaintiff continued to have substantial persistent pain and numbness and difficulty ambulating post-surgery.

Contrary to plaintiff's argument, as the R&R explained, the ALJ reviewed her medical records "in detail," and there is "no indication that the ALJ failed to consider evidence relating to Bonny's cervical or lumbar spine and resulting limitations." (R&R 12.) The "function by function" analysis does not equate to a requirement that the ALJ "specifically refer to every piece of evidence." *Reid v. Comm'r*, 769 F.3d 861, 865 (4th Cir. 2014). Notably, the ALJ imposed more restrictive limitations than "those suggested by the medical opinions in the record." (R&R 13.) The court finds no error, and the ALJ's analysis is supported by substantial evidence.

Plaintiff also argues that the R&R erroneously distinguished *Arakas v. Comm'r*, 983 F.3d 83 (4th Cir. 2020). *Arakas* involved fibromyalgia, a condition that typically does not generate objective findings. *Id.* at 96 (explaining that this "type of legal error is particularly pronounced in a case involving fibromyalgia—a disease whose 'symptoms are entirely subjective,' with the exception of trigger-point evidence"). The court found that the ALJ erred by relying on the absence of objective evidence to discount plaintiff's subjective statements. *Id.* at 97 ("Thus,

5

while the ALJ may have considered other evidence, his opinion indicates that the lack of objective medical evidence was his chief, if not definitive, reason for discounting Arakas's complaints."). Here, by contrast, there was objective evidence in the record that legitimately undermined plaintiff's subjective allegations.

### III.  CONCLUSION AND ORDER

After a review of plaintiff's objections and the record, the court concludes that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards.  Accordingly, it is hereby ORDERED as follows:

1. The R&R (Dkt. No. 22) is ADOPTED;
2. Plaintiff's objections (Dkt. No. 23) are OVERRULED;
3. The Commissioner's motion for summary judgment (Dkt. No. 20) is GRANTED;
4. Plaintiff's motion for summary judgment (Dkt. No. 18) is DENIED; and
5. The Commissioner's decision is AFFIRMED.

An appropriate judgment order will be entered.

Entered: March 17, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge